UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
EDDIE BROWN a/k/a
FRANCISCO SEPEDA,

                   Petitioner,

      -against-

UNITED STATES OF AMERICA,

                   Respondent.
-----------------------------------------------------X

**MEMORANDUM & ORDER**

11 CV 3580 (RJD)

DEARIE, Judge.

    By Memorandum and Order dated May 20, 2008, this Court denied petitioner's application under 28 U.S.C. §2255 to vacate the judgment of conviction entered against him following his jury trial in 1997 before the Honorable Eugene H. Nickerson.  See Brown v. United States, 01 CV 7350, 2008 WL2148401 (E.D.N.Y. May 20, 2008).[1]  Petitioner now seeks a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651(a), vacating in part that same judgment of conviction.

    The "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."  Carlisle v. United States, 517 U.S. 416, 428-29 (1996) (quoting Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985)).  "The writ of audita querela, like the writ of error coram nobis, is a common-law writ that has largely been replaced in the federal criminal context by the statutorily constructed writ of habeas corpus available in 28 U.S.C. § 2255."  Reese v. United States, 2011

---

[1] The Court assumes the parties' familiarity with the factual background of this case, which is set forth in its 2008 Memorandum and Order and in Judge Nickerson's 1998 Memorandum and Order, United States v. Cambrelen, 29 F. Supp. 2d 120 (E.D.N.Y. 1998).

WL 3648373, *2 (E.D.N.Y. Aug. 17, 2011). Audita querela "has limited continuing validity," and "is not available where another post-conviction remedy is available." Id. (citing United States v. Richter, 510 F.3d 103, 104 (2d Cir.2007)). See also Evans v. Brown, 10-CV-4607 (JS), 2011 WL 133039, *1 (E.D.N.Y. Jan. 11, 2011) (the "writ of audita querela is available in extremely limited situations to fill gaps in the federal post-conviction relief regime" and is "not available when a [state-court] prisoner has other post-conviction remedies available, such as a habeas proceeding under Section 2254").

The writ of audita querela and the All Writs Act were improperly invoked in this case. Because petitioner is challenging the validity of a federal conviction, the proper vehicle is the federal habeas statute, 28 U.S.C. §2255. See Cephas v. Nash, 328 F.3d 98, 103 (2d Cir. 2003) ("federal prisoners challenging the legality of their convictions or sentences must proceed by way of motion pursuant to 28 U.S.C. §2255"). Further, because petitioner now seeks to attack the same judgment of conviction that he attacked in his initial 2255 petition, his current application must be regarded as a "second or successive" habeas motion under Section 2255(h). See Quezada v. Smith, 624 F.3d 514, 517-18 (2d Cir. 2010) (A "petition is second or successive if a prior petition 'raising claims regarding the same conviction or sentence [ ] has been decided on the merits'") (quoting Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998). The Court cannot entertain such a petition unless and until the Second Circuit certifies that it may do so. See 28 U.S.C. §2255(h).

Petitioner appears to understand as much: he explains in his petition that he elected to "proceed under the writ of audita querela because 28 U.S.C. §2255 is not an option as such a filing would be successive." Petition at 1. The statutory restrictions on successive or second 2255 applications, however, do not trigger the residual authority of the All Writs Act. See, e.g., Pipola

<u>v. United States</u>, 2011 WL 2745794, *1 (2d Cir. July 15, 2011) ("the writ of audita querela is not an available remedy[ ] because, as a federal prisoner challenging the legality of his conviction, the relief [petitioner] seeks is covered by statute: 28 U.S.C. § 2255(a)" and "[t]his conclusion is not undermined" by the fact that petitioner "must [first] satisfy the threshold requirements applicable to successive Section 2255 motions"); <u>Reese</u>, 2011 WL 3648373 at *2 ("the statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction framework that could make audita querela relief necessary") (collecting additional authorities).   <u>Cf. Evans</u>, 2011 WL 133039 at *1 (in analogous section 2254 context, recourse to writ of audita querela is not triggered "simply because the statute severely restricts successive petitions").

## CONCLUSION

For the foregoing reasons, the petition for a writ of audita querela is denied.   The Court construes the petition as an unauthorized second application for relief under section 2255 and accordingly directs the Clerk of the Court to transfer the petition to the United States Court of Appeals for the Second Circuit and to close this case.   Should petitioner obtain the necessary Circuit certification, he shall apply to re-open this case under the same docket number.

SO ORDERED.

Dated: Brooklyn, New York
        September 22, 2011

                                        s/ Judge Raymond J. Dearie
                                        _____
                                        RAYMOND J. DEARIE
                                        United States District Judge

3